UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER WHISENANT,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>R. RACKLEY, Warden,<br><br>　　　　　Respondent. | No.  2:16-cv-2526 JAM GGH<br><br><br>FINDINGS & RECOMMENDATIONS |

*Introduction and Summary*

Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He is a "third strike" defendant last convicted of being a felon-in-possession of a firearm and ammunition who believes that California's Proposition 36 entitled him to resentencing to a lesser sentence than his indeterminate life sentence. His claim in the state courts was denied because he was found ineligible for resentencing because "used a firearm" in connection with his crime.

One can see petitioner's point here.  After checking the statutory ineligibility references, cross-references and cross references to the cross references (a twisty path indeed), it does not appear that felon-in-possession is a crime which constitutes *de jure* ineligibility for resentencing under Proposition 36.  However, the California courts have made the crime one of *de facto* ineligibility in that the being in possession of a firearm means that one has used the firearm in

1

connection with "the [Third Strike] crime" ( a reason why one is ineligible for Proposition 36 resentencing. It is difficult to think of a situation where, under the California Court of Appeal definition of "use of a firearm," being a felon-in-possession would not make one ineligible per se; the holding is somewhat circular. Petitioner claims that this give and take regarding Proposition 36 eligibility denies him due process. However, what the legislative branch seemingly giveth, the courts can define away-- especially when we are looking at California law in an AEDPA context. Petitioner has not stated a claim which is cognizable in federal habeas corpus.

*Background*

Petitioner is serving a sentence of 25 years to life for a 2008 conviction of being a felon in possession of a firearm and ammunition with two prior strike convictions. ECF No. 11, Res't's Lodg. Docs. No. 1, 2. On his direct appeal, the California Court of Appeal summarized the case as follows:

> On the night of April 2, 2005, Bush, Whisenant and Benny Ramos, not a party to this appeal, were in a Chevrolet Blazer that was pulled over after a sheriff's deputy heard gunshots, then saw the Blazer coming from the direction of the gunshots. The Blazer contained a ballistic vest, or "body armor," and a loaded pistol magazine. Three loaded pistols of different calibers were found by the road along the route between where the deputy began following the Blazer and where he stopped it. Five bullets of unusual caliber were found in the patrol car Bush had been in, and they fit one of the guns found by the roadside. The magazine found in the vehicle fit a different gun found by the road. All three men had felony convictions.

Res't's Lodg. Doc. No. 2.

The California Court of Appeal affirmed the judgment on February 9, 2010 and petitioner was subsequently denied review by the California Supreme Court on April 28, 2010. Res't's Lodg. Doc. Nos. 3, 4.

In November of 2012, Proposition 36 was approved by California Voters. Termed the Three Strikes Reform Act of 2012, the proposition, *inter alia*, added California Penal Code § 1170.126 which, in relevant part, provides:

(a) The resentencing provisions under this section and related statutes are intended to apply exclusively to persons presently serving an indeterminate term of imprisonment pursuant to paragraph (2) of subdivision (e) of Section 667 or paragraph (2) of subdivision (c) of Section 1170.12, whose sentence under this act would not have been an indeterminate life sentence.

(b) Any person serving an indeterminate term of life imprisonment imposed pursuant to paragraph (2) of subdivision (e) of Section 667 or paragraph (2) of subdivision (c) of Section 1170.12 upon conviction, whether by trial or plea, of a felony or felonies that are not defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7, may file a petition for a recall of sentence, within two years after the effective date of the act that added this section or at a later date upon a showing of good cause, before the trial court that entered the judgment of conviction in his or her case, to request resentencing in accordance with the provisions of subdivision (e) of Section 667, and subdivision (c) of Section 1170.12, as those statutes have been amended by the act that added this section.

...

(e) An inmate is eligible for resentencing if:

(1) The inmate is serving an indeterminate term of life imprisonment imposed pursuant to paragraph (2) of subdivision (e) of Section 667 or subdivision (c) of Section 1170.12 for a conviction of a felony or felonies that are not defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7.

(2) The inmate's current sentence was not imposed for any of the offenses appearing in clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12.

(3) The inmate has no prior convictions for any of the offenses appearing in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clause (iv) of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12.

(f) Upon receiving a petition for recall of sentence under this section, the court shall determine whether the petitioner satisfies the criteria in subdivision (e). If the petitioner satisfies the criteria in subdivision (e), the petitioner shall be resentenced pursuant to paragraph (1) of subdivision (e) of Section 667 and paragraph (1) of subdivision (c) of Section 1170.12 unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety.

////

3

On February 21, 2014, petitioner filed a "motion for recall of sentence," asking to be resentenced under § 1170.126. Res't's Lodg. Doc. No. 5. The Superior Court found petitioner ineligible for resentencing under the Act pursuant to California Penal Code § 667(e) and § 1170.12(c) based on the record that defendant was "armed" during the commission of the offense. Res't's Lodg. Doc. No. 6. Petitioner appealed to the California Court of Appeal, which affirmed the judgment on April 18, 2016. Res't's Lodg. Doc. No. 7. Petitioner filed for review in the California Supreme Court and was subsequently denied on August 10, 2016. Res't's Lodg. Doc. No. 9.

On October 24, 2016, petitioner filed the instant federal habeas petition in this court challenging the trial court's finding of ineligibility for resentencing under § 1170.126. Petitioner raises the following claims in this action: (1) the application of the disqualifying provisions of § 1170.126 to petitioner's case violated his due process rights; (2) petitioner's Sixth and Fourteenth Amendment rights were violated when he was denied his § 1170.126 motion; and (3) petitioner is eligible for sentencing as a second-strike offender because the facts underlying petitioner's conviction do not show that he was armed in the commission of the instant offense. ECF No 1.

Currently before the court is respondent's motion to dismiss for failure to state a cognizable federal habeas claims and in the alternative as being barred by 28 U.S.C. § 2244(d), the statute of limitations pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)[1]. Petitioner has filed an opposition and respondent has filed a reply. Having reviewed all filings, the court now issues the following findings and recommendations.

*Discussion*

    A. <u>Motion to Dismiss</u>

Preliminarily, the Rules governing habeas corpus practice do not provide for a motion to dismiss practice as is set forth in the Federal Rules of Civil Procedure Rule 12(b)(6). And the failure-to-state-a-claim rubric of Fed. R. Civ. P. 12(b)(6) is not a good fit in habeas corpus practice in that the answer in habeas corpus practice may make the same legal arguments. <u>See</u>

---

[1] The court declines to address the merits of respondent's statute of limitations argument as it is clear the petition fails to raise a colorable federal claim.

4

Gallegos-Soto v. Adler, 2011 WL 2708822 *2-3 (E.D. Cal. Jul. 11, 2011). Moreover, habeas pleading standards do not conform to those of Fed. R. Civ. P. 8, and if a habeas claim is non-cognizable on its merits, the "with leave to amend" or "without leave to amend" practice of Rule 12 makes little sense regardless of whether a petitioner could better plead the claim.

Nevertheless, Rule 4 of the Rules Governing Section 2254 Cases provides, in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 of those same rules indicate that the court may deny a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petitioner has been filed. See Herbst v. Cook, 260 F.3d 1039 (9th Cir. 2001). Therefore, the court will reach the merits of the petition and recommend a summary denial.

B. Resentencing under the Three Strikes Reform Act

Petitioner argues that the trial court committed a reversible error in finding him ineligible for resentencing under §1170.126. ECF No. 1 at 5. Specifically, he contends that the prosecution did not plead and prove he was "armed," which petitioner agrees if that were proven, would render him ineligible for relief pursuant to California Penal Code §667(e)(2)(C) and § 1170.126. Id. The Act provides that a defendant is ineligible for relief if a he or she was armed with a firearm during the commission of the relevant felony and had two prior serious and/or violent pursuant to §§ 667(e)(2)(C)(iii) and 1170.12(c)(2)(C)(iii). Petitioner argues, on the contrary, that his conviction for "possession" is not the same as being "armed." ECF No. 1 at 5. He states that the trial court was required to rely on the record of conviction and erred when it relied on "extra facts" in making its determination that petitioner was ineligible for relief. Id. at 5C, 5 D. Petitioner argues this "extra fact finding" and denial of his request for an evidentiary hearing violated his due process rights. Id. at 5D, 6A. The California Court of Appeal examined his claims and denied them, reasoning:

////

Defendant contends the trial court erred in finding extra facts in determining that he was ineligible for resentencing. Defendant argues the trial court found he was *armed* with a firearm, which had been neither pled nor proven to the jury that had convicted him of being a felon in *possession* of a firearm. We do not find any error.

A defendant who is serving an indeterminate term of life in prison pursuant to the Three Strikes Law for felonies that are neither serious nor violent may file a petition for recall and resentencing. (§ 1170.126, subd. (b).) A defendant is not eligible for recall and resentencing if "[d]uring the commission of the current offense, the defendant used a firearm, was armed with a firearm or deadly weapon, or intended to cause great bodily injury to another person." (§§ 1170.12, subd. (c)(2)(C)(iii), 667, subd. (e)(2)(C)(iii); see § 1170.126, subd. (e)(2).)

Defendant argues that the law distinguishes arming from mere possession and that possession cannot serve as a "tethering offense" for a finding that he was armed to render him ineligible for resentencing. We are not persuaded.

"Armed with a firearm" under the Act means having a firearm available for offensive or defensive use and a tethering offense is not required. (People v. Osuna (2014) 225 Cal.App.4th 1020, 1029, 1032, 1034 (Osuna); see also People v. Elder (2014) 227 Cal.App.4th 1308, 1312 (Elder).) The trial court considers the "record of conviction" to decide whether a defendant is eligible for resentencing. (People v. Bradford (2014) 227 Cal.App.4th 1322, 1338-1339.)

Here, a deputy sheriff heard two to three gunshots, saw a Blazer within 10 to 15 seconds coming from the direction of the gunshots, followed it, pulled it over, and found defendant and two other men. Three loaded pistols were found on the road along the route the Blazer traveled after the gunshots. Even though defendant did not have a gun on his person when he was arrested, the jury found that defendant possessed the firearm. "A conviction for possession of a gun must be based on intentional actual or constructive possession of the gun [citation], not merely walking nearby [citation]." (Elder, *supra*, 227 Cal.App.4th at p. 1313; see also Osuna, *supra*, 225 Cal.App.4th at p. 1032; People v. Superior Court (Cervantes) (2014) 225 Cal.App.4th 1007, 1011-1018; People b. Superior Court (Martinez) (2014) 225 Cal.App.4th 979, 984-985, 989-995.) Contrary to defendant's claim, substantial evidence supports the trial court's finding that defendant had the firearm available for offensive or defensive use during the commission of the offense. Defendant had the firearm available for immediate use in connection with and during his possession. Thus, he was "armed" during his possession of the firearm.

The Act does not contain a pleading and proof requirement so it matters not that "arming" was not pled or proven. (Elder, *supra*, 227 Cal.App.4th at pp. 1314-1315; Osuna, *supra*, 225 Cal.App.4th at pp. 1033-1034, 1038.) Further, contrary to his claim, "[b]ecause a determination of eligibility under section 1170.126 does not

> implicate the Sixth Amendment [right to have any fact which aggravates penalty for crime found by a jury beyond a reasonable doubt], a trial court need only find the existence of a disqualifying factor by a preponderance of the evidence." (<u>Osuna</u>, *supra*, at p. 1040.) Defendant was ineligible for recall and resentencing under the Act.

Res't's Lodg. Doc. No. 7.

A writ of habeas corpus is available under 28 U.S.C. § 2254(a) only on the basis of some transgression of federal law binding on the state courts. <u>Middleton v. Cupp</u>, 768 F.2d 1083, 1085 (9th Cir. 1985); <u>Gutierrez v. Griggs</u>, 695 F.2d 1195, 1197 (9th Cir. 1983). It is unavailable for alleged error in the interpretation or application of state law. <u>Middleton v. Cupp</u>, 768 F.2d at 1085; <u>see</u> also <u>Lincoln v. Sunn</u>, 807 F.2d 805, 814 (9th Cir. 1983); <u>Givens v. Housewright</u>, 786 F.2d 1378, 1381 (9th Cir. 1986). Habeas corpus cannot be utilized to try state issues de novo. <u>Milton v. Wainwright</u>, 407 U.S. 371, 377, 93 S.Ct. 2174, 2178 (1972). For the reasons that follow, the claim that petitioner's sentence should be reduced based on the Three Strikes Reform Act of 2012 is not a cognizable federal question.

The Supreme Court has reiterated the standards of review for a federal habeas court. <u>Estelle v. McGuire</u>, 502 U.S. 62, 112 S.Ct. 475 (1991). In <u>Estelle v. McGuire</u>, the Supreme Court reversed the decision of the Court of Appeals for the Ninth Circuit, which had granted federal habeas relief. The court held that the Ninth Circuit erred in concluding that the evidence was incorrectly admitted under state law since, "it is not the province of a federal habeas court to reexamine state court determinations on state law questions." <u>Id.</u> at 67-68, 112 S.Ct. at 480. The court re-examined that "federal habeas relief does not lie in error in state law." <u>Id.</u> at 67, 112 S.Ct. at 480, citing <u>Lewis v. Jeffers</u>, 497 U.S. 764, 110 S.Ct. 3092, 3102 (1990), and <u>Pulley v. Harris</u>, 465 U.S. 37, 41, 104 S.Ct. 871, 874-75 (1984) (federal courts may not grant habeas relief where the sole ground presented involves a perceived error of state law, unless said error is so egregious as to amount to a violation of the Due Process of Equal Protection clauses of the Fourteenth Amendment).

The Supreme Court further noted that the standard of review for a federal habeas court "is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United

States (citations omitted)." Id. at 68, 112 S.Ct. at 480. The Court also stated that in order for error in the state trial proceedings to reach the level of a due process violation, the error had to be involving "fundamental fairness" and that "we 'have defined the category of infractions that violate "fundamental fairness" very narrowly.'" Id. at 73, 112 S.Ct. at 482. Habeas review does not lie in a claim that the state court erroneously allowed or excluded particular evidence according to state evidentiary rules. Jammal v. Van de Kamp, 926 F.2d 918, 919 (9th Cir. 1991). As more recently reemphasized by the Supreme Court, "'a mere error of state law…is not a denial of due process.'" Rivera v. Illinois, 556 U.S. 148, 129 S.Ct. 1446, 1454 (2009) (quoting Engle v. Issac, 456 107, 121, n. 21, 102 S.Ct. 1558 [] (1982)). To state a cognizable federal habeas claim based on an alleged error in state sentencing, a petitioner must show that the error was "so arbitrary or capricious as to constitute an independent due process" violation. Richmond v. Lewis, 506 U.S. 40, 50, 113 S.Ct. 528, 121 L.Ed.2d 411 (1992).

Applying these principles in federal habeas proceedings, the Ninth Circuit Court of Appeals has specifically refused to consider alleged errors in the application of state sentencing law. See, e.g., Miller v. Vasquez, 868 F.2d 1116 (9th Cir. 1989). Thus, in Miller, the court refused to examine the state court's determination that a defendant's prior conviction was for a "serious felony" within the meaning of the state statutes governing sentence enhancements. Id. at 1118-19. The court did not reach the merits of the petitioner's claim, stating that federal habeas relief is not available for alleged errors in interpreting and applying state law. Id. (quoting Middleton, 768 F.2d at 1085).

Whether or not a prior conviction properly constitutes a "serious" or "violent" felony, or whether one is "armed" during commission of the offense, as those terms are defined in California's Three Strikes Law, involves interpretation of state sentencing law. Federal courts are "bound by a state court's construction of its own penal statues," Apponte v. Gomez, 993 F.2d 705, 707 (9th Cir. 1993), and this court must defer to the California courts' interpretation of the California Three Strikes Law unless its interpretations is "untenable or amounts to a subterfuge to avoid federal review of a constitutional violation." Oxborrow v. Eikenberry, 887 F.2d 1395, 1399 (9th Cir. 1989). There is no such evidence here. Here, petitioner is simply attacking an

8

| | |
|---|---|
| 1 | "erroneous" legal decision by the state court. Petitioner may not "transform a state-law issue" into |
| 2 | a federal one merely by asserting a violation of due process." Langford v. Day, 110 F.3d 1380, |
| 3 | 1389 (9th Cir. 1996). Furthermore, the court finds the discussion in Nelson v. Biter, 33 |
| 4 | F.Supp.3d 1173 (C.D. Cal. 2014) to be analogous to the state law "Three Strikes" issue involved |
| 5 | here. |
| 6 | Moreover, petitioner's argument that his conviction for possession of a firearm makes him |
| 7 | eligible for resentencing under the Act fails to demonstrate there was anything arbitrary, |
| 8 | capricious or fundamentally unfair in the state courts' finding that his conviction for felon in |
| 9 | possession of a firearm rendered his Three Strikes sentence ineligible for recall. Nor is the Sixth |
| 10 | Amendment at play here. Petitioner cites no law which would require that adverse facts found or |
| 11 | used in a post hoc conviction, sentencing clemency statute had to be pled and proven to a jury in |
| 12 | the underlying criminal conviction. The undersigned is aware of none requiring such prescience. |
| 13 | See Read v. Valenzuela, 2016 WL 3383726 (N.D. Cal. June 20, 2016). See also Nunez v. |
| 14 | Gastello, 2017 WL 661949 (E.D. Cal. Feb. 16, 2017, holding meritless the same arguments |
| 15 | petitioner makes here. |
| 16 | At bottom, petitioner believes that the state courts should not have defined felon-in- |
| 17 | possession as a *de facto* crime of violence or serious felony when the legislature did not expressly |
| 18 | do so. Because petitioner essentially, solely asserts errors of state law, there is no federal |
| 19 | cognizable claim under 28 U.S.C. § 2254 that this court has authority to review. |
| 20 | *Conclusion* |
| 21 | Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must |
| 22 | issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A |
| 23 | certificate of appealability may issue only "if the applicant has made a substantial showing of the |
| 24 | denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in these |
| 25 | findings and recommendations, a substantial showing of the denial of a constitutional right has |
| 26 | not been made in this case. |
| 27 | Accordingly, IT IS HEREBY RECOMMENDED that: |
| 28 | 1. Respondent's motion to dismiss (ECF No. 10) be granted; |

2. The petition be dismissed with prejudice; and

3. The District Court decline to issue a certificate of appealability.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 26, 2017

<u>/s/ Gregory G. Hollows</u>
UNITED STATES MAGISTRATE JUDGE